Wyatt B. Johnson, ISB: 5858
JOHNSON MAY
199 N. Capitol, Suite 200
Boise, Idaho 83702
Telephone: (208) 384-8588
Facsimile: (208) 629-2157
wbj@johnsonmaylaw.com

Thomas K. Richards
SINGH, SINGH & TRAUBEN, LLP
400 South Beverly Drive, Suite 240
Beverly Hills, CA 90212
Tel: (310) 856-9705 | Fax: (888) 734-3555
trichards@singhtraubenlaw.com

*Attorneys for THE MILLION ROSES, INC.*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VELOX MEDIA, LLC, an Idaho limited liability company,<br><br>        Plaintiff,<br><br>vs.<br><br>THE MILLION ROSES, INC., a California corporation,<br><br>        Defendant. | Case No. 1:23-cv-00328-AKB<br><br>DEFENDANT THE MILLION ROSES, INC.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF VELOX MEDIA, LLC'S COMPLAINT<br><br>Complaint Filed:   June 12, 2023 |

Defendant THE MILLION ROSES, INC. ("**Million Roses**" or "**Defendant**") hereby submits its First Amended Answer and Affirmative Defenses to the Complaint filed by plaintiff VELOX MEDIA, LLC ("**Velox Media**" or "**Plaintiff**"). [ECF 1]. Except as expressly admitted below, Defendant denies each and every allegation of the Complaint.

## PARTIES

1.     Answering paragraph 1, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.     Answering paragraph 2, Defendant admits that Million Roses is a corporation organized and existing under the laws of the State of California with its principal place of business in Los Angeles County, California.

## JURISDICTION AND VENUE

3.     The allegations contained in paragraph 3 of the Complaint call for legal conclusions and therefore require no response.

4.     The allegations contained in paragraph 4 of the Complaint call for legal conclusions and therefore require no response.

5.     Answering paragraph 2, Defendant admits that the services Agreement attached to Plaintiff's Complaint as Exhibit "A" includes a choice of law provision providing that any action arising from the agreement be brought in the federal and state courts located in Idaho.

## COMMON ALLEGATIONS

6.     Answering paragraph 6, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.     Answering paragraph 7, Defendant admits that Million Roses is a purveyor of naturally preserved roses that last for up to three years.

8.     Answering paragraph 8, Defendant admits that, on or around April 7, 2022, the parties entered into the services Agreement as attached as Exhibit "A" to the Complaint.

9.     Answering paragraph 9, Defendant asserts that the services Agreement speaks for

itself.

10.    Answering paragraph 10, Defendant asserts that the services Agreement speaks for itself.

11.    Answering paragraph 11, Defendant asserts that the services Agreement speaks for itself.

12.    Answering paragraph 12, Defendant asserts that the services Agreement speaks for itself.

13.    Answering paragraph 13, Defendant admits that, on or around August 23, 2022, Defendant sent a Notice of Termination to Plaintiff.

14.    Answering paragraph 14, Defendant denies that any monthly fees were owed for the months identified by Plaintiff or that any monies are owed from Defendant to Plaintiff.

## COUNT I

### Breach of Contract

15.    Answering paragraph 15, Defendant incorporates its responses to paragraphs 1-14, inclusive.

16.    Defendant avers that no response is required to the allegations in paragraph 16 of the Complaint, which constitute Plaintiff's legal argument. To the extent that a response is required to the allegations of paragraph 16, Defendant denies the allegations.

17.    Defendant avers that no response is required to the allegations in paragraph 17 of the Complaint, which constitute Plaintiff's legal argument. To the extent that a response is required to the allegations of paragraph 17, Defendant denies the allegations.

18.    Defendant avers that no response is required to the allegations in paragraph 18 of the Complaint, which constitute Plaintiff's legal argument. To the extent that a response is required to the allegations of paragraph 18, Defendant denies the allegations.

19.    Defendant avers that no response is required to the allegations in paragraph 19 of the Complaint, which constitute Plaintiff's legal argument. To the extent that a response is required

to the allegations of paragraph 19, Defendant denies the allegations.

20.     Defendant avers that no response is required to the allegations in paragraph 20 of the Complaint, which constitute Plaintiff's legal argument. To the extent that a response is required to the allegations of paragraph 20, Defendant denies the allegations.

## ATTORNEYS' FEES

21.     Defendant avers that no response is required to the allegations in paragraph 21 of the Complaint, which constitute Plaintiff's legal argument. To the extent that a response is required to the allegations of paragraph 21, Defendant denies the allegations.

## RESPONSE TO COMPLAINT'S PRAYER

22.     Defendant avers that no response is required to Plaintiff's "Prayer" but denies that Plaintiff is entitled to receive any of the relief or judgments requested. Defendant further denies that Plaintiff is entitled to any damages or other relief sought by reason of its Complaint, or to any relief whatsoever, against Defendant. As to the remaining allegations in the prayer, Defendant denies each and every allegation contained therein.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all triable issues.


## AFFIRMATIVE DEFENSES

Defendant THE MILLION ROSES, INC. ("**Million Roses**" or "**Defendant**") pleads the following separate and distinct affirmative defenses, without conceding that it bears the burden of proof as to any of these issues, in response to the Complaint filed by plaintiff VELOX MEDIA, LLC ("**Velox Media**" or "**Plaintiff**"). [ECF 1]. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiff's Complaint, and each cause of action alleged therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
(No Willful or Improper Conduct)

Defendant has not engaged in any willful or improper conduct against Plaintiff.

## THIRD AFFIRMATIVE DEFENSE
(Good Faith)

Plaintiff's Complaint, and each cause of action alleged therein, fails because Defendant's actions were justified and effected in good faith.

## FOURTH AFFIRMATIVE DEFENSE
(Unclean Hands)

Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
(Estoppel)

Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE
(Waiver)

Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE
(Unjust Enrichment)

Plaintiff's Complaint, and each cause of action alleged therein, is barred to the extent that Plaintiff would be unjustly enriched if allowed to retain all the monies due and owing to Defendant.

## EIGHTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

Defendant is informed and believes and based thereon alleges that if Plaintiff suffered any damages as a result of the allegations set forth in the complaint (which Defendant expressly denies), Plaintiff is not entitled to recover from Defendant any sum of damages due to Plaintiff's failure to take reasonable efforts to mitigate the damages Plaintiff allegedly incurred.

### NINTH AFFIRMATIVE DEFENSE
(Excused Breach)

Any liability that Defendant may have had under the alleged agreement or agreements, which Defendant expressly deny, was excused, exonerated, extinguished, and discharged as a result of Plaintiff's conduct, acts, and omissions.

### TENTH AFFIRMATIVE DEFENSE
(No Damages)

Plaintiff has not suffered or sustained any damages as a consequence of any alleged representation or conduct of Defendant and there has been no damage to Plaintiff in any amount, manner or at all by reason of any alleged acts by Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE
(Setoff)

Without conceding that Defendant caused any damage to Plaintiff whatsoever, or to any other person or entity in any respect, Defendant states that it is entitled to offset any judgment that may be awarded against it in an amount equal to all damages Plaintiff caused to Defendant.

### TWELFTH AFFIRMATIVE DEFENSE
(Failure of Condition)

Plaintiff's Complaint and the cause of action alleged therein, is barred due to the failure of Plaintiff to perform all or any conditions, whether precedent, concurrent and/or subsequent, covenants and/or promises on his part to be performed at between the parties herein.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Failure of Consideration)

Plaintiff's Complaint and the cause of action alleged therein, is barred due to a failure of consideration. Defendant is informed and believes and based thereon alleges that the services provided by the Plaintiff were substantially inferior to the standards customary in the industry and/or what was contractually promised. This significant deviation in service quality constitutes a failure of consideration, rendering any further payment for said services unconscionable and unjust.

///

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Quantum Meruit)

Plaintiff's Complaint and the cause of action alleged therein, is barred on the grounds that Plaintiff is only entitled to receive payment for the actual value of the services rendered. Given the material deficiencies in the services provided, this actual value is considerably less than what was contractually promised. Therefore, any compensation should be strictly limited to the reasonable value of the services actually and properly rendered, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Frustration of Purpose)

Defendant is informed and believes and based thereon alleges that the purpose of any alleged contract between the parties was frustrated by the Plaintiff's failure to adhere to the Defendant's directives and real-time feedback. This non-compliance rendered the services provided by the Plaintiff entirely ineffective and of no value to the Defendant, thereby frustrating the very purpose of the contract.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Ongoing Investigation)

Defendant has not yet completed a thorough investigation or study or completed the discovery of all the facts and circumstances of the subject matter of the Complaint and, accordingly, reserves the right to amend, modify, revise, or supplement its answer and to plead such other defenses and take such other further actions as it may deem proper and necessary in its defense upon completion of said investigation and/or study.

**WHEREFORE**, Defendant THE MILLION ROSES, INC. respectfully requests that this Court enter judgment in its favor and as against Plaintiff VELOX MEDIA, LLC as follows:

i.      That Plaintiff VELOX MEDIA, LLC's Complaint be dismissed, with prejudice and in its entirety;

ii.     That Plaintiff VELOX MEDIA, LLC take nothing by reason of its Complaint and that judgment be entered against Plaintiff VELOX MEDIA, LLC and in favor of Defendant THE MILLION ROSES, INC.;

iii.     That Defendant THE MILLION ROSES, INC. be awarded costs incurred in

defending this action, together with reasonable attorneys' fees; *and*

iv.     For such other and further relief as the Court deems just and proper.

DATED this _____ day of January 2024.

Wyatt B. Johnson
*Attorney for THE MILLION ROSES, INC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of January, 2024, I filed the foregoing FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF VELOX MEDIA, LLC'S COMPLAINT electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Bradley J. Dixon | bradleydixon@givenspursley.com |
| Rebecca M. Fitz | beccafitz@givenspursley.com |

Any others as listed on the Court's ECF Notice.

I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

None

Kristin Brown